# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WILLIAM JAMES TRUESDALE,

    Plaintiff,

v.                               Case No. 8:13-CV-2482-T-30TGW

STATE OF FLORIDA, et. al.,

    Defendants.
_____/

## ORDER

Plaintiff, a State of Florida prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1). The complaint names eleven defendants, and alleges several unrelated causes of action, to wit: 1) retaliatory transfer; 2) inadequate medical care; 3) denial of access to the courts; 4) interference with prison mail; 5) deprivation of personal property; 6) retaliatory disciplinary actions; 7) illegal charges against Plaintiff's prison bank account; and 8) legal malpractice. Plaintiff neither paid the filing fee nor moved for leave to proceed in this action *in forma pauperis*.

## DISCUSSION

Fed. R. Civ. P., Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." F.R.C.P. 18(a). However, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong

in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act ["PLRA"] limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, Plaintiff did not raise multiple claims against a single party. Rather, he raises a host of unrelated claims, none of which pertains to all defendants.[1] Though some claims may share defendants, they are factually and legally distinct from one another.

The complaint includes misjoined parties and claims, and offers Plaintiff a way around both the fee payment and the "three strikes" provision. Plaintiff may not circumvent the PLRA's objective of deterring frivolous prisoner complaints by presenting these multiple unrelated claims against multiple defendants in one action.

Moreover, the complaint in its entirety fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and is also the equivalent of a "shotgun pleading" because, having reviewed the complaint, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *see also Beckwith v. Bellsouth Telecomms. Inc.*, 146 Fed. App'x 368, 371 (11th Cir. 2005) (stating that a "shotgun pleading"

---

[1] Rule 20(a) provides that persons may be joined as defendants in a single action if there "is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)(B). "[A] claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998). The complaint does not allege that all defendants participated in the same transaction or series of transactions or that a question of fact is common to all defendants.

is a pleading in which a plaintiff fails "to identify claims with sufficient clarity"). Plaintiff does not number his allegations or limit his paragraphs to a single set of circumstances. This failure makes it virtually impossible for the Court to discern which facts support which claims for relief.

Finally, many of the allegations involve separate incidents either at Dade Correctional Institution, which is located within the jurisdiction of the United States District Court for the Southern District of Florida, or Walton Correctional Institution, which is located within the jurisdiction of the United States District Court for the Northern District of Florida. Therefore, those claims must be filed in separate complaints in those districts. See 28 U.S.C. § 1391(b) (civil rights action may be brought only in the judicial district where at least one of the defendants resides or where "a substantial part of the events or omissions giving rise to the claim occurred").

ACCORDINGLY, the Court **ORDERS** that Plaintiff's complaint (Dkt. 1) is **DISMISSED**. The dismissal is without prejudice to Plaintiff filing a new complaint with a new case number. The Clerk is directed to terminate all pending motions and to close this case.

**DONE** and **ORDERED** in Tampa, Florida on October 3, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Plaintiff

3